PS5-054                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3829
_____

ENRIQUE CAZAREZ-BARRAGAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A090-106-020)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2015
Before:  CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: February19, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se petitioner Enrique Cazarez-Barragan petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen/reconsider. We will dismiss the petition for review in part and deny it in part.

I.

Cazarez-Barragan is a native and citizen of Mexico. He arrived in the United States with his parents in 1980, when he was ten months old, and he became a lawful permanent resident in 1989. In 2006, the United States District Court for the Western District of Missouri convicted him of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced to 235 months' imprisonment. In August 2007, the Department of Homeland Security issued a Notice to Appear, charging Cazarez-Barragan as removable for having been convicted of an aggravated felony and a controlled substance offense.

At Cazarez-Barragan's April 2008 removal hearing, an immigration judge ("IJ") determined that he was removable as charged and that he was ineligible for any relief from removal. In July 2008, the BIA rejected Cazarez-Barragan's appeal, and he did not seek this Court's review of that order. Rather, in April 2014, he moved the BIA to reopen his proceedings so that he could submit transcripts from his criminal proceedings. On June 26, 2014, the BIA denied the motion as untimely and meritless, and Cazarez-Barragan did not file a petition for review.

Then, on July 21, 2014, Cazarez-Barragan filed a motion with the BIA challenging

2

the 2008 order of removal. He asserted that he was eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h), and that the IJ had violated his due process rights by not advising him that he was eligible for this relief. The BIA denied the motion on August 26, 2014. It held that, to the extent Cazarez-Barragan sought reconsideration of its June 26th decision, he failed to identify "any error of law or fact" in that order, (A.R. at 2), and thus did not establish that reconsideration was warranted. The BIA then construed the motion as a motion to reopen, determining that it was untimely and declining to sua sponte reopen the proceedings. Finally, the BIA stated that a § 1182(h) waiver was not "available to waive inadmissibility arising from a federal conviction for conspiracy to distribute methamphetamine." (Id.)

Cazarez-Barragan now petitions for review of the BIA's August 26, 2014 order.

III.

As a preliminary matter, we note that Cazarez-Barragan has failed to raise any arguments relating to the BIA's treatment of his motion as a motion to reconsider. Nor has Cazarez-Barragan raised any challenge to the BIA's treatment of the motion as an untimely motion to reopen. Accordingly, those issues have been waived. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010).

Cazarez-Barragan focuses instead on his argument that he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). We construe this as a challenge to the BIA's decision not to sua sponte reopen his removal proceedings. The BIA held that Cazarez-Barragan had not "demonstrate[d] an exceptional situation that would warrant" the sua

3

sponte reopening of the proceedings and that a waiver under § 1182(h) was not available where the petitioner had a federal conviction for conspiracy to distribute methamphetamine. (A.R. at 2.)

As the Government asserts, we generally lack jurisdiction to review the BIA's discretionary decision denying sua sponte reopening. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). We may, however, consider whether the BIA's decision "is based on a false legal premise." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). To the extent that Cazarez-Barragan's merits brief could be liberally construed as raising such a claim, we conclude that this claim is meritless. The BIA did not err in stating that Cazarez-Barragan was ineligible for a § 1182(h) waiver, as such a waiver is not available to persons who have been convicted of a controlled substance offense other than one involving simple possession of 30 grams or less of marijuana. See 8 U.S.C. § 1182(h). Cazarez-Barragan does not dispute that he was convicted of engaging in a conspiracy to distribute 50 grams or more of methamphetamine. Accordingly, the BIA's decision not to exercise its sua sponte discretion was not based on an error of law, and we otherwise lack jurisdiction to review the reasoning behind its refusal to reopen Cazarez-Barragan's removal proceedings.[1] See Pllumi, 642 F.3d at 160.

We therefore will dismiss the petition for review in part and deny it in part.

---

[1] To the extent we have jurisdiction to review Cazarez-Barragan's remaining arguments, they are meritless.

4